GRANT R. CLAYTON (Utah State Bar No. 4552)
DANIEL J. THOMAS (Utah State Bar No. 17641)
**CLAYTON HOWARTH, P.C.**
6975 Union Park Avenue, Suite 600
Cottonwood Heights, Utah  84047
P.O. Box 1909
Sandy, Utah 84091-1909
Telephone: (801) 255-5335

Attorneys for Plaintiff,
Biosoft (Australia) Pty Ltd.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIOSOFT (AUSTRALIA) PTY LTD., a proprietary limited company, | Case No.: 2:24-cv-00762-DAO |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| EXOTROPIN, LLC, a Delaware Corporation, and DOES 1-5, | Judge: Daphne A. Oberg |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Biosoft (Australia) Pty Ltd ("Biosoft" or "Plaintiff"), by and through its undersigned attorneys, brings this Complaint for Declaratory Judgment against Exotropin, LLC ("Exotropin") and Does 1-5, (collectively, "Defendants"), and alleges as follows:

1

## PARTIES

1. Plaintiff: Biosoft (Australia) Pty Ltd. ("Biosoft") is a proprietary limited company organized under the laws of Australia with its principal place of business at 56 Myoora Road, Terrey Hills, NSW, Australia 2084. Biosoft engages in the development, marketing, and sale of skincare products, including products under marks including "EXO SKIN."

2. Upon information and belief, Exotropin, LLC is a Delaware Corporation with its principal place of business at 1180 Avenue of the Americas, 8th Floor, New York, New York 10036, that sells skincare products from a retail location within the state of Utah and through internet marketing accessible to consumers in Utah, under trademarks including "EXOCEUTICALS," "EXO SKIN SIMPLE," "EXO BODY," "EXO SUN," "EXO H-SERUM," "EXO C-SERUM," "EXO PLUS," "EXO MEN," and "EXO FACE," having a retail location identified as Cenegenics Park City, located at 1441 W Ute Blvd, #160, Park City, Utah.

3. Upon information and belief, Defendants Does are believed to be individuals, corporations or other business entities having an potential interest in and to the marks "EXOCEUTICALS," "EXO SKIN SIMPLE," "EXO BODY," "EXO SUN," "EXO H-SERUM," "EXO C-SERUM," "EXO PLUS," "EXO MEN," "EXO FACE," and "EXO SKIN."

## JURISDICTION AND VENUE

4. This cause of action is for a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the use of the trademark EXO SKIN by Plaintiff on its packaging and in advertising or promotion of its products does not infringe any rights possessed by Defendants, and particularly, Defendant Exotropin, LLC, and does not constitute infringement of a registered mark under the

Lanham Act § 32, 15 U.S.C. § 1114, or an unregistered mark under the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

5. Subject matter jurisdiction for this declaratory judgment action lies under 28 U.S.C. §§ 1331 and 1338. Further, this action relates to non-infringement of a registered mark under 15 U.S.C. § 1114, and non-infringement of an unregistered mark under 15 U.S.C. § 1125(a) and, therefore, this Court has jurisdiction pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction over any remaining claims pursuant to 15 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over the Defendants in that, upon information and belief, Defendant Exotropin, LLC sells products through the internet, accessible to Utah residents and therefore submitted to jurisdiction in the State of Utah pursuant to UTAH CODE ANN. § 78B-3-205(1) and has had continuous and systematic contact with the state of Utah, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

7. This Court has personal jurisdiction over the Defendants in that, upon information and belief, Defendant Exotropin, LLC directed a cease-and-desist letter to Biosoft's Utah-based attorney on September 27, 2024, alleging trademark infringement and demanding that Biosoft cease all use of the "EXO SKIN" mark and therefore submitted to jurisdiction in the State of Utah pursuant to UTAH CODE ANN. § 78B-3-205(1), (3) and has otherwise had continuous and systematic contact with the State of Utah, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2),(3).

8. This Court has personal jurisdiction over the Defendants in that, upon information and belief, Defendant Exotropin, LLC has a retail location in Park City, Utah, and Defendants have directly, or contracting to supply goods through agents, transacted business and sold their

3

products within the State of Utah and therefore submitted to jurisdiction in the State of Utah pursuant to UTAH CODE ANN. § 78B-3-205(1), (2), (3) and has otherwise had continuous and systematic contact with the state of Utah, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2),(3).

## GENERAL ALLEGATIONS

9.  Plaintiff Biosoft has developed and marketed skincare products under the "EXO SKIN" mark, expanding its presence in the market without incidents of confusion with Defendants' marks and was not aware of any alleged likelihood of confusion until receiving Defendants' recent allegations.

10. An actual controversy exists between the parties inasmuch as on September 27, 2024, Defendant Exotropin, through counsel, delivered to Plaintiff's counsel in Utah a cease-and-desist letter (attached as Exhibit A) alleging trademark infringement by Biosoft. The letter claims that Biosoft's use of "EXO SKIN" infringes Defendants' "EXO" family of marks, including registered marks for EXO SKIN SIMPLE, EXO FACE, and EXOCEUTICALS, and that Biosoft's use of the mark constitutes unfair competition under 15 U.S.C. §§ 1114 and 1125.

11. Defendant Exotropin's cease-and-desist letter demanded that Biosoft cease all use of "EXO SKIN" and any similar mark, whether in marketing, domain names, or social media, and that it recall products bearing the mark; demanded that Biosoft withdraw all current opposition proceedings (Opposition Nos. 91293937, 91293940, and 91293941 before the Trademark Trial and Appeal Board in the U.S. Patent and Trademark Office) and abandon all of its U.S. trademark applications for marks allegedly similar to Defendants' "EXO" marks; and

4

demanded that Biosoft preserve all documents related to the "EXO SKIN" mark and subsequently destroy or withdraw all advertising and promotional materials bearing the mark; and expressly threatened legal action, including claims for monetary damages, disgorgement of profits, and attorney fees, alongside threats of injunctive relief.

12. Defendant Exotropin in its cease-and-desist letter dated September 27, 2024 to Plaintiff Biosoft demanded that Plaintiff Biosoft cease and desist all use of the EXO SKIN mark.

13. Defendant Exotropin in its cease-and-desist letter dated September 27, 2024 to Plaintiff Biosoft threatened Plaintiff Biosoft with litigation by stating: "Unless we receive complete and immediate compliance with the demands set forth herein, we have been instructed to take all necessary steps to enforce our client's rights."

14. Defendant will, unless restrained by this Court, continue to make threats and accusations to Plaintiff based on Plaintiff's use of the mark EXO SKIN. Such threats are entirely improper, unsupported, and unenforceable by Defendants.

15. Plaintiff has no adequate remedy at law and thus seeks the equitable declaratory relief requested herein.

## CLAIMS FOR DECLARATORY RELIEF

Plaintiff Biosoft seeks a declaratory judgment that:

A. This Court declare that Plaintiff's use of the mark EXO SKIN on its products and in its advertising for such products is not actionable and does not constitute trademark infringement, false advertising, unfair competition, false designation of origin, or dilution under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§

1114 and 1125, unfair competition under Utah Code Ann. § 13-5a-101, or any other violation of federal, state, or common law rights related to Plaintiffs' use of the EXO SKIN mark, and that Defendants' demands lack merit due to distinct differences between the parties' goods and services, the marks, and the actual use of the marks in the marketplace, which minimize any likelihood of consumer confusion;

B. An injunction prohibiting Defendants from making further threats of litigation or taking legal action against Biosoft related to its use of the EXO SKIN mark;

C. An injunction ordering Defendants to cease and desist from any actions designed to interfere with Biosoft's lawful use of the EXO SKIN mark, including threats to Biosoft's business partners, distributors, or affiliates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Biosoft (Australia) Pty Ltd prays for relief as follows:

A declaratory judgment affirming that Biosoft's use of the EXO SKIN mark does not infringe Defendants' trademarks, nor does it constitute unfair competition, false designation of origin, or any violation of Defendants' rights under federal, state, or common law;

An injunction prohibiting Defendants from making further threats of litigation or initiating any legal action against Biosoft based on the unfounded allegations set forth in their cease-and-desist letter, and directing Defendants to cease and desist from any actions or threats that interfere with Biosoft's lawful use of the EXO SKIN mark, including interference with Biosoft's distributors, agents, and other business relationships;

An award of costs and attorney's fees to Biosoft in connection with this action and any further relief as the Court deems just and equitable.

DATED this 10th day of October, 2024.

Respectfully Submitted,

/s/  Grant R. Clayton
Grant R. Clayton
Daniel J. Thomas
**CLAYTON HOWARTH, P.C.**
P.O. Box 1909
Sandy, Utah 84091-1909
Telephone: (801) 255-5335

Attorneys for Plaintiff
BIOSOFT (AUSTRALIA) PTY LTD.

C:\Users\GrantClayton\OneDrive - Clayton Howarth\Documents - Files\CHC Files\T13--\T136\T13656\1.A.1\Efile\2024-10-10\Biosoft Complaint for Declaratory Judgment.wpd